53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melvin BOWMAN, Petitioner-Appellant,
v.
Aristedes W. ZAVARAS; Gale A. Norton, Attorney General of
the State of Colorado, Respondents-Appellees.
 No. 94-1385.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court adopting the recommendations of the magistrate judge and dismissing pro se petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254. Petitioner appeals alleging a series of constitutional violations related to his trial and conviction. Among the grounds that petitioner asserts as bases for his appeal are ineffectiveness of counsel at trial, prosecutorial misconduct, insufficient evidence, a host of trial errors, lack of jurisdiction in the state trial court, inability to exhaust state remedies because of the statutory bar, error by the district court in failing to hold an evidentiary hearing, and inordinate delay in state post-conviction proceedings. We affirm.
 
 
 3
 This appeal arose out of events related to an apartment fire in which petitioner's wife and stepson were killed. Petitioner was first tried for two counts of deliberated first-degree murder, felony murder, extreme indifference murder, and arson. Petitioner was granted a new trial following the first trial because of an undue limitation on petitioner's right to cross-examine a surviving stepson. Petitioner was retried and convicted at the second trial of first-degree murder for the deaths of his wife and stepson and of one count of arson. That conviction was appealed and affirmed by the Colorado Court of Appeals. The Colorado Supreme Court denied certiorari. Petitioner pursued post-conviction relief in the state courts on the ground of ineffective assistance of counsel, but later withdrew those claims.
 
 
 4
 In this federal post-conviction proceeding, petitioner raises several constitutional claims which were not presented to the state courts. Petitioner is required to exhaust all available and adequate state remedies before the federal court may address his petition. 28 U.S.C. 2254(b),(c); Rose v. Lundy, 455 U.S. 509 (1982). We agree with the magistrate judge and the district court that many of the claims raised in this federal petition were not presented to the state courts. Petitioner must show cause for having failed to raise and exhaust his state claims in the state courts before filing this petition for habeas corpus. The district court correctly found that petitioner was not barred by 16-5-402, C.R.S. (1986) from pursuing his claims in state court. It is clear that state post-conviction proceedings were available and that petitioner took advantage of these post-conviction proceedings, thus undermining conclusively petitioner's argument that he was precluded from exhausting his state claims.
 
 
 5
 We further agree with the magistrate judge that the delays which occurred in the state post-conviction proceedings in this case did not rise to the level of constitutional violations of petitioner's right to due process. The district court was not required to hold an evidentiary hearing when the failure to exhaust and failure to show cause for exhaustion was clear on the record. We therefore affirm the order of the district court adopting the order of the magistrate judge and dismiss this petition for substantially the reasons given by the magistrate judge. AFFIRMED and DISMISSED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470